IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VAUGHN GREENE, | :: | CIVIL ACTION NO. |
| BOP Reg. # 60082-019, | :: | 1:10-CV-2685-TWT |
| Movant, | :: | |
| | :: | CRIMINAL ACTION NO. |
| v. | :: | 1:08-CR-153-TWT |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER AND OPINION

Movant Vaughn Greene's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 271 in 1:08-CR-153-TWT) is before the Court. On August 31, 2010, the Court issued an Order noting that Movant's § 2255 motion appears untimely and barred by the waiver provision in the negotiated plea agreement Movant executed in this case. (Doc. 272.) The Court afforded Movant an opportunity to address the timeliness and waiver issues and directed him to respond within 30 days. (*Id.*)

Movant has not responded to the Court's August 31 Order, and the deadline for doing so has passed. He has offered no reasons or argument as to why his § 2255 motion should not be dismissed as untimely and barred by the waiver contained in his plea agreement. Movant's § 2255 motion, his plea agreement, and the record require

AO 72A
(Rev.8/82)

denial of the motion on these grounds. For these reasons, and the reasons stated in the Court's August 31 Order, the Court finds that Movant's § 2255 motion is untimely and is barred by the waiver provision in his plea agreement.

The Court further finds that a Certificate of Appealability ("COA") is not warranted. Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a § 2255 movant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and internal quotations omitted). The dispositive issues regarding Movant's § 2255 motion – untimeliness and waiver – are not reasonably debatable, and Movant has made no attempt to show otherwise.

Accordingly, Movant's motion to vacate sentence [Doc. 271 in 1:08-CR-153-TWT] is **DENIED**. Civil action 1:10-CV-2685-TWT is **DISMISSED**. The Court

AO 72A
(Rev.8/82)

**DENIES** Movant a certificate of appealability.

**SO ORDERED** this 28 day of October, 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3