**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VAUGHN GREENE, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0153-TWT-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-3708-TWT-RGV |

**ORDER FOR SERVICE OF ORDER AND
FINAL REPORT AND RECOMMENDATION**

Attached is the Order and Final Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If

no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 9th day of November, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VAUGHN GREENE, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0153-TWT-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-3708-TWT-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Vaughn Greene's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 299]. For the following reasons, the undersigned **RECOMMENDS** that Greene's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

## I. PROCEDURAL HISTORY

A federal grand jury returned a superceding indictment against Greene and others in which Greene was charged in Count One with conspiracy to distribute and possess with the intent to distribute at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine and at least 1,000 kilograms of marijuana,

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)-(vii), and 846. [Doc. 34]. The government filed a 21 U.S.C. § 851(a) notice of sentencing enhancement based on Greene's prior New York conviction for fifth degree possession of cocaine. [Doc. 101]. Greene pleaded guilty to Count One, pursuant to a negotiated plea agreement in which he waived his right to collaterally attack his conviction and sentence in any post-conviction proceeding, including a § 2255 motion. [Doc. 163]. On July 1, 2009, the Court sentenced Greene to 240 months of imprisonment. [Docs. 226-27].

On August 5, 2010, Greene, proceeding pro se, submitted a § 2255 motion, alleging three instances of ineffective assistance of counsel. [Doc. 271]. On August 31, 2010, the Court issued an Order noting that Greene's § 2255 motion appeared untimely and barred by the waiver provision of his negotiated plea agreement. [Doc. 272]. The Court allowed Greene thirty days to address the timeliness and waiver issues. [Id. at 3]. Greene failed to respond, and on October 28, 2010, the Court denied his § 2255 motion as untimely and barred by the waiver provision in his plea agreement. [Doc. 276].

On October 27, 2011, Greene filed the instant § 2255 motion, alleging that he is actually innocent of the § 851 enhancement mandating a 240-month minimum sentence because his prior New York drug conviction does not meet the criteria for the enhancement. [Doc. 299 at 4]. Greene relies on Carachuri-Rosendo v. Holder, 130 S.

2

Ct. 2577 (2010), which held, on review of an alien's entitlement to cancellation of removal, that a state offense of simple drug possession was not a "felony punishable under the Controlled Substances Act" and, thus, did not qualify as an "aggravated felony" to preclude cancellation of removal. Id. at 2589-90. Greene maintains that this motion is timely and not impermissibly successive because Carachuri-Rosendo was decided after his conviction became final. [Doc. 299 at 5, 9, 12]. Greene states that the Eleventh Circuit's decision in Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), supports his argument that the instant § 2255 motion is not successive. [Doc. 299 at 12]. Finally, Greene cites Simmons v. United States, 130 S. Ct. 3455 (2010), wherein the Supreme Court vacated the Fourth Circuit's rejection of a claim similar to the claim raised herein and remanded for further consideration in light of Carachuri-Rosendo. [Doc. 300].[2]

## II. DISCUSSION

If a § 2255 motion is deemed successive, this Court may consider it only if the movant has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). A subsequent habeas action is successive if the movant raises a claim that could have been raised in his first habeas proceeding and

---

[2] Greene's "Motion for Leave to Include a Supplemental Citation in his 2255," [Doc. 300], is **GRANTED**.

3

has "no legitimate excuse for [his] failure to do so." Stewart, 646 F.3d at 859 (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991)). Here, the Supreme Court decisions on which Greene relies in support of his claim were issued on June 14, 2010, see Carachuri-Rosendo, 130 S. Ct. 2577, and on June 21, 2010, see Simmons, 130 S. Ct. 3455, more than one month before Greene filed his first § 2255 motion on August 5, 2010, [see Doc. 271]. Greene offers no explanation for his failure to raise this claim in his first § 2255 motion.

Greene's reliance on Stewart to support his claim that the instant § 2255 motion is not successive is inapposite. In Stewart, the Eleventh Circuit held that the movant's subsequent § 2255 motion was not successive because the factual basis for his claim, the vacatur of his prior state convictions which supported his federal career offender sentence, did not exist before proceedings on his initial § 2255 motion concluded and because he acted diligently. Stewart, 646 F.3d at 863-65. Because Greene does not assert that his New York drug conviction has been vacated, Stewart does not apply to his claim. Accordingly, the undersigned concludes that the instant § 2255 motion is successive.

There is no indication in the record that Greene has obtained authorization from the Eleventh Circuit to file his successive § 2255 motion. The Court, therefore, lacks jurisdiction to consider Greene's motion unless he can establish that § 2255(e),

4

commonly referred to as the savings clause, applies to his claim.[3] See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause is properly invoked only when

> 1) [a] claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. Although the Eleventh Circuit has not yet decided whether the savings clause extends to sentence claims, it has applied the Wofford test to a federal prisoner's claim that his prior state conviction for simple possession of cocaine is not a "felony drug offense" to support a mandatory minimum sentence under § 841(b). Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897 (11th Cir. 2011) (per curiam).

As noted above, both of the Supreme Court decisions on which Greene relies, Carachuri-Rosendo and Simmons, were issued before he filed his first § 2255 motion. Accordingly, Greene fails to meet the Wofford standard for review under the savings clause.

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Greene's § 2255 motion for lack of jurisdiction is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, Greene's "Motion for Leave to Include a Supplemental Citation in his 2255," [Doc. 300], is **GRANTED**, and **IT IS**

AO 72A
(Rev.8/82)

**RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 299], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 9th day of November, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)